| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>47th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>Judge Marla Parker GC<br>Gc10H1728 |
|---|---|---|

Court address: 31605 W. Eleven Mile Rd., Farmington Hills, MI 48336  
Court telephone no. (248) 871-2900

| Plaintiff's name(s), address(es), and telephone no(s).<br>Lillian Misleh | v | Defendant's name(s), address(es), and telephone no(s).<br>Timothy E. Baxter & Associates, P.C.<br>33533 W. 12 Mile Rd.<br>Farmington Hills, MI 48331-5634 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.  
Adam S. Alexander (P53584)  
18930 W. Ten Mile Rd., Ste. 2500  
Southfield, MI 48075  
(248) 246-6353

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>August 3, 2010 | This summons expires<br>Oct. 28, 2010 | Court clerk<br>Barb Siesputowski | atty |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**
| Plaintiff(s) residence (include city, township, or village)<br>Sterling Heights, MI | Defendant(s) residence (include city, township, or village)<br>Farmington Hills, MI |
|---|---|

Place where action arose or business conducted  
Farmington Hills, MI

07/28/2010  
Date | Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)


EXHIBIT A

00001

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
   together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                         Date                       Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                              Day, date, time

_____ on behalf of _____

Signature

00002

STATE OF MICHIGAN

47th JUDICIAL DISTRICT COURT

LILLIAN MISLEH

Plaintiff,

-vs-

TIMOTHY E. BAXTER & ASSOCIATES,

Defendant,
_____/

ADAM S. ALEXANDER (P53584)
THE ALEXANDER LAW FIRM
Attorney for Plaintiff
18930 W. Ten Mile Rd., Ste. 2500
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com

## PLAINTIFF'S COMPLAINT

1. Plaintiff Lillian Mesleh, ("Plaintiff" or "Mesleh"), currently resides in Sterling Heights, Michigan.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2).

3. Defendant Timothy E. Baxter & Associates, ("Defendant" or "Baxter"), is a debt collection law firm located in Farmington Hills, Michigan.

4. Baxter is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

5. Baxter is a "regulated person" according to the definitions in M.C.L. 445.251.

6. This court has jurisdiction under the state law claims herein, and may exercise supplemental jurisdiction over the integrated federal law claims arising out of the same facts and circumstances that gave rise to the state law claims.

00003

## I. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

7. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

8. Under the FDCPA, a "consumer" is an natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

9. Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

10. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

11. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

12. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

### GENERAL ALLEGATIONS

13. Defendant represented Atlantic Credit & Finance, Inc., in a 2007 collection lawsuit against Misleh, (Case #07-01113GC, in the 16th Judicial District Court).

14. Misleh denied the debt, retained an attorney and duly responded to the lawsuit.

15. The case against Misleh was dismissed when counsel for Atlantic Credit & Finance, Inc., (Timothy Baxter and Associates), failed to appear at a settlement conference.

16. Timothy Baxter and Associates then filed a Motion to Reinstate the case.

17. On December 17, 2010, at the hearing on Motion to Reinstate, Timothy Baxter and Associates again failed to appear.

18. An Order was entered on December 17, 2010, which Ordered:

    Case to be reinstated upon Plaintiff providing proof that a valid debt exists including:

    A) Plaintiff providing Defendant a copy of the last twelve (12) monthly statements;

    B) Plaintiff providing copies of receipts of any payments made by Defendant if such exist; and

    C) Upon payment of $500.00 costs to Defendant;

    D) Account statements from where the debt was incurred.

19. The case was never reinstated.

20. On November 11, 2007, the above referenced case was Dismissed without prejudice.

21. Misleh and her counsel did not hear from Baxter for over two years after the above referenced dismissal and assumed the matter was closed.

22. On February 28, 2010, Baxter sent a demand letter to Misleh's attorney regarding the same exact alleged debt which they sued Misleh for in 2007, which was Dismissed, never reinstated, then Dismissed again in 2007.

23. Said letter dated February 28, 2010 demands an amount in excess of what the prior lawsuit requests, which was dismissed, and references in the "Re" section of the letter, the exact same lawsuit which has been dismissed, including the case number.

24. Said letter represents an attempt to collect a debt under the laws outlined below.

25. Plaintiff has been suffered damages as the result of this latest attempt to collect a debt which was denied from the outset and which was dismissed in 2007.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. The conduct of Defendant attempting to collect this alleged debt in 2010, is a violation of the FDCPA, including but not limited to:

   a) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

   b) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f.

   c) the false representation of the character, amount or legal status of any debt in violation of the general prohibitions in 15 U.S.C. §1692e;

   d) threatening legal action that cannot be legally taken in violation of the general prohibitions in 15 U.S.C. §1692e;

   e) the collection of a debt which is not expressly authorized by agreement creating the debt or permitted by law in violation of the general prohibitions in 15 U.S.C. §1692f;

29. Plaintiff has suffered statutory damages and suffered actual damages as a result of these illegal collection communications in the form of humiliation, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## COUNT II - MICHIGAN DEBT COLLECTION PRACTICES ACT

30. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

31. Defendant violated the Michigan Collection Practices Act, MCL §445.251, et seq., including, but not limited to:

   a. Communicating with a debtor in a misleading or deceptive manner

   b. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of communication when it is made in connection with collecting a debt in violation of MCL §445.251(e).

   c. Misrepresenting in a communication with a debtor 1 or more of the following in violation of MCL §445.251(f):

      i. The legal status of a legal action being taken or threatened;

      ii. The legal rights of the creditor or debtor;

   d. Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL §445.251(q).

32. Plaintiff has suffered damages as a result of Defendant's violations of the Michigan Debt Collection Practices Act.

## DEMAND FOR JUDGMENT AND RELIEF

33. Accordingly, Plaintiff requests damages, costs and attorney fees as mandated by the above statutes in a total amount of less than $10,000.00;

   a. Equitable relief under the Michigan Collection Practices Act including a finding that Plaintiff does not owe the alleged debt, and requiring Defendant to cease and desist collection attempts.

   b. Deletion of any and all accounts being wrongfully reported to any credit bureau by

Defendant.

c. Monetary damages, including costs and attorney fees, not to exceed $10,000.00.


Respectfully submitted,

By: _____
ADAM S ALEXANDER (P53584)
Attorney for Plaintiff
18930 West Ten Mile Rd. Ste. 2500
Southfield, MI 48075
(248) 246-6353

July 28, 2010

00008

E-1679

# THE ALEXANDER LAW FIRM

18930 W. Ten Mile Rd., Ste 2500., Southfield, MI 48075
Telephone (248) 246-6353
Fax (248) 746-3793

Adam S. Alexander, Esq.                                     e-mail adam@alexanderfirm.com

August 11, 2010

**CERTIFIED-RETURN RECEIPT REQUESTED**
Timothy E. Baxter & Associates, P.C.
33533 W. 12 Mile Rd.
Farmington Hills, MI 48331-5634

      Re: *Misleh v. Timothy E. Baxter & Associates, P.C.*
      **No. GC10H1728**

Dear Sir/Madam:

    Enclosed please find the Summons and Complaint for the above captioned case. If you have any questions or comments, feel free to contact me.

Sincerely,

Adam S. Alexander, Esq.

AA/yk
Enclosures

# WWW.MYFAIRCREDITSITE.COM

00009

The Alexander Law Firm
18930 W. Ten Mile Rd., Ste 2500
Southfield, MI 48075



7009 0820 0000 9677 8636

CERTIFIED MAIL™

**CERTIFIED-RETURN RECEIPT REQUESTED**
Timothy E. Baxter & Associates, P.C.
33533 W. 12 Mile Rd.
Farmington Hills, MI 48331-5634

48331$5634 C014



1000
48331



U.S. POSTAGE PAID
ROYAL OAK, MI 48068
AUG 25 '10
AMOUNT
$5.71
00084074-08

00010