**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LILLIAN MISLEH,

        Plaintiff,

                                   Case No. 10-13777
v.                                 Hon. Gerald E. Rosen

TIMOTHY E. BAXTER & ASSOCIATES,

        Defendant.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ April 15, 2011 _____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I.  INTRODUCTION

Plaintiff Lillian Misleh commenced this suit in state court on July 29, 2010,

asserting federal and state-law claims against the Defendant law firm, Timothy E. Baxter

& Associates, arising from a debt collection letter sent by Defendant to Plaintiff's

attorney.  Plaintiff alleges in her complaint that this letter violated the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Michigan

Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*  Defendant

removed the case to this Court on September 22, 2010, citing Plaintiff's assertion of

claims arising under federal law.  *See* 28 U.S.C. §§ 1441(a), 1331.

By motion filed on September 28, 2010, Defendant now seeks the dismissal of each of the claims asserted in Plaintiff's complaint for failure to state a claim upon which relief can be granted. In support of this motion, Defendant argues that the letter giving rise to Plaintiff's claims is not actionable under the FDCPA because the letter was sent to Plaintiff's counsel, rather than to Plaintiff directly. Defendant further contends that the MCPA does not apply because a law firm is not a "regulated person" within the meaning of this Michigan statute. In a November 15, 2010 response in opposition to this motion, Plaintiff contests both of Defendant's challenges, arguing that letters sent to a consumer's attorney are actionable under the FDCPA, and that the MCPA applies to law firms.

Having reviewed the parties' briefs in support of and opposition to Defendant's motion, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. This opinion and order sets forth the Court's rulings on this motion.

## II.  <u>FACTUAL BACKGROUND</u>

Defendant Timothy E. Baxter & Associates is a law firm engaged in debt collection. In 2007, Defendant represented Atlantic Credit & Finance, Inc. in a state-court collection action against Plaintiff Lillian Misleh. The case was dismissed without prejudice in November of 2007, after the Defendant law firm failed to appear at a

2

settlement conference.  Although Atlantic Credit & Finance moved to reinstate the case,

its counsel (the Defendant law firm) again failed to appear at the hearing on this motion.

Thus, on December 17, 2007, an order was entered allowing the case to be reinstated only

upon Atlantic Credit & Finance's satisfaction of certain conditions, but the case was

never reinstated.

Over two years later, on February 28, 2010, the Defendant law firm sent a letter to

Robert S. Ajlouny, Plaintiff's attorney in the 2007 suit, attempting to collect the same

alleged debt that formed the basis for the 2007 suit.  The letter referenced the caption and

case number of the 2007 suit against Plaintiff, and also indicated a balance due in excess

of what Atlantic Credit & Finance sought to recover in the 2007 suit.  Although the letter

was addressed to attorney Ajlouny, it appeared to be directed at Plaintiff herself, stating in

pertinent part that "[w]e would like to try to resolve this with you before it goes any

further," and that "we want to give you some options to resolve the outstanding Court

Judgment against you."  (Plaintiff's Response, Ex. A, 2/28/2010 Letter.)[1]

Plaintiff then commenced this suit on July 29, 2010, alleging that the February

2010 letter violated the FDCPA through its use of "false, deceptive, or misleading

representation or means," 15 U.S.C. § 1692e, or "unfair or unconscionable means to

collect or attempt to collect any debt," 15 U.S.C. § 1692f.  Plaintiff further alleges that the

letter violated the MCPA's similar prohibition against false, misleading or deceptive

---

[1]As noted above, no such judgment was entered against Plaintiff in the 2007 suit.

3

statements in a communication to collect a debt.  *See* Mich. Comp. Laws § 445.252(e)-(f).

## III.  ANALYSIS

### A.    The Standards Governing Defendant's Motion

Through the present motion, Defendant seeks the dismissal of each of the claims in Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).  In this case, the pertinent allegations are not disputed, at least for present purposes, and the disposition of Defendant's motion turns upon purely legal issues as to the proper meaning and interpretation of certain key terms in the FDCPA and the MCPA.  Accordingly, the Court turns to these questions.

### B.    A Debt Collector's Letter to a Debtor's Attorney May Give Rise to a Claim Under the FDCPA.

In Count I of her complaint, Plaintiff alleges that the letter sent by the Defendant law firm to the attorney who represented her in the 2007 debt collection suit violated various provisions of the FDCPA that govern the communications and practices of debt collectors.  Defendant now moves for the dismissal of Plaintiff's claims under the FDCPA, arguing that this statute does not regulate a debt collector's communications with a consumer's attorney, but only communications with the consumer herself.  The Court cannot agree.

4

The starting point of the Court's inquiry is the language of the FDCPA itself. Specifically, Plaintiff's claims in this case rest upon two of the statute's provisions, 15 U.S.C. § 1692e and § 1692f.  The first of these provisions states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and it then provides a non-exhaustive list of actions that run afoul of this prohibition.  Similarly, the second provision states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f, and it again identifies specific sorts of conduct that violate this provision.  The question presented in Defendant's motion, then, is whether a debt collector's letter to a consumer's attorney fails as a matter of law to qualify as action or conduct prohibited by these FDCPA provisions.

The Sixth Circuit has not yet addressed this question.  In *Barany-Snyder v. Weiner,* 539 F.3d 327, 333 (6th Cir. 2008), the court observed that it ordinarily applies the objective "least sophisticated consumer" standard in deciding whether particular conduct violates the FDCPA.  In that case, however, the communications giving rise to the plaintiff's FDCPA claims were found in exhibits to a complaint and reply brief that had been served upon the plaintiff's counsel, rather than the plaintiff herself.  Under these circumstances, the defendant debt collectors argued that the "least sophisticated consumer" standard was inappropriate, because the allegedly false or deceptive communications sent by the defendants had not been directed to or received by a consumer, but instead by the consumer's attorney.  *See Barany-Snyder,* 539 F.3d at 333

5

n.2.  The Sixth Circuit found it unnecessary to consider this question, in light of its ruling

that the plaintiff's FDCPA claims were subject to dismissal on other grounds.  *Barany-*

*Snyder,* 539 F.3d at 333 n.2.

      Outside the Sixth Circuit, there is a split of authority on this issue.  Defendant

relies principally on a Ninth Circuit ruling, over a dissent, that "communications directed

solely to a debtor's attorney are not actionable under the [FDCPA]."  *Guerrero v. RJM*

*Acquisitions LLC,* 499 F.3d 926, 934 (9th Cir. 2007).  In so holding, the panel majority

pointed to a number of FDCPA provisions that distinguish between a consumer and his or

her attorney, reasoning that "[t]he statute as a whole thus suggests a congressional

understanding that, when it comes to debt collection matters, lawyers and their debtor

clients will be treated differently."  *Guerrero,* 499 F.3d at 935.  The court further

observed that a consumer's attorney was "conspicuous[ly] absent" from the statute's

otherwise broad definition of a "consumer," thereby suggesting that "Congress did not

view attorneys as susceptible to the abuses that spurred the need for the legislation to

begin with."  499 F.3d at 935.  Thus, the court concluded that the FDCPA's "purposes are

not served by applying its strictures to communications sent only to a debtor's attorney."

499 F.3d at 938.[2]

---

      [2]The majority in *Guerrero,* like Defendant here, also relied in part on the Second
Circuit's statement in *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002), that it "would
have grave reservations about concluding that . . . alleged misrepresentations to *attorneys* for
putative debtors [could] constitute violations of the FDCPA."  The Second Circuit, like the Ninth
Circuit, reasoned that the core consumer-protection objective of the statute would not be
advanced by construing it as reaching communications to counsel, because "the attorney, rather
than the FDCPA," could adequately "protect the consumer from a debt collector's fraudulent or

Judge Fletcher dissented from the ruling in *Guerrero*, opining that "[t]he majority's conclusions are inconsistent with the plain language of the statute." *Guerrero,* 499 F.3d at 941 (Fletcher, J., dissenting).  In analyzing the FDCPA provision giving rise to some of the plaintiff's claims in that case — as well as certain of Plaintiff's claims here — Judge Fletcher explained:

> Section 1692e provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  For purposes of the FDCPA, a "debt collector" is "any person who . . . regularly collects or attempts to collect, *directly or indirectly*, debts owed or due or asserted to be owed or due." 15 U.S.C. § 1692a(6) (emphasis added).  A "representation" may be made by means of a "communication."  *See, e.g., id.* § 1692e(8) (prohibiting "[c]ommunicating or threatening to communicate to any person credit information which is known . . . to be false"); *id.* § 1692e(9) (prohibiting "use or distribution of any written communication which simulates or is falsely represented to be [an official] document"); *id.* § 1692e(11) (prohibiting "failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt").  A "communication" is defined as the "conveying of information regarding a debt *directly or indirectly to any person* through any medium."  *Id.* § 1692a(2) (emphasis added).
>
> These provisions make clear that the prohibition contained in § 1692e against "any false, deceptive, or misleading representation . . . in connection with the collection of any debt" is not limited to representations made directly to debtors.  By its plain terms, § 1692e bars "any false, deceptive, or misleading representation," whether it is made to the consumer or to a third party, so long as the representation is made "in connection with the collection of a debt."  The majority's assertion that "communications directed only to a debtor's attorney . . . are not actionable under the Act," Maj. Op. at 936, is impossible to square with the Act's

---

harassing behavior."  *Kropelnicki,* 290 F.3d at 127-28.  Nonetheless, the court acknowledged that its observations on this point were mere dicta and "not dispositive to our holding here," as it found that the plaintiff's appeal as to this aspect of her FDCPA claims was subject to dismissal on jurisdictional grounds.  290 F.3d at 127.

prohibition on such representations when made "directly or indirectly to any person through any medium."

> There is nothing in the text of the FDCPA to indicate that attorneys representing debtors are excluded from the class of third parties to whom a debt collector may not make a false, deceptive, or misleading representation. To the contrary, § 1692c(a) specifically provides that, where a debtor is represented by an attorney, the debt collector shall direct all "communication" to the attorney, absent permission to communicate directly with the debtor. A proper reading of the text therefore dictates that § 1692e, which regulates categorically the contents of communications by the debt collector, covers the "communication" to the debtor's attorney described in § 1692c(a)(2). *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) ("[T]he normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning." (internal quotation marks and citation omitted)).

*Guerrero*, 499 F.3d at 943-44 (Fletcher, J., dissenting).

Similarly, in *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 773-74 (7th Cir. 2007), the Seventh Circuit found nothing in the FDCPA provisions at issue here, §§ 1692e and 1692f, that would immunize debt collectors from liability for communications made to attorneys, as opposed to consumers. The court reasoned:

> These sections do not designate any class of persons, such as lawyers, who can be abused, misled, etc., by debt collectors with impunity . . . . Section 1692e forbids a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." And section 1692f forbids a debt collector to "use any unfair or unconscionable means to collect or attempt to collect any debt."
>
> It is true that a lawyer is less likely to be deceived, intimidated, harassed, and so forth . . . than a consumer. But that is an argument not for immunizing practices forbidden by the statute when they are directed against a consumer's lawyer, but rather for recognizing that the standard for determining whether particular conduct violates the statute is different when the conduct is aimed at a lawyer than when it is aimed at a consumer.

*Evory,* 505 F.3d at 773-74.   Accordingly, the Seventh Circuit reached and decided the issue reserved by the Sixth Circuit in *Barany-Snyder,* holding that the "least sophisticated consumer" standard was "inappropriate for judging communications with lawyers." *Evory,* 505 F.3d at 774.  Rather, the court elected to apply a "competent lawyer" standard, ruling that "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable."  505 F.3d at 775.[3]

Upon reviewing these decisions, the Court is persuaded that the Seventh Circuit and the dissent in *Guerrero* have put forward the better reading of the pertinent statutory language.  As observed by the Seventh Circuit, sections 1692e and 1692f prohibit debt collectors from making false, deceptive, or misleading representations or employing

---

[3]As noted earlier, § 1692e prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  In *Evory,* 505 F.3d at 775, the Seventh Circuit deemed it necessary to distinguish between "false" representations, on one hand, and "deceptive" or "misleading" representations, on the other, finding that its "competent lawyer" standard was applicable only to the latter.  As to "false" representations, the court opined that "[a] false claim of fact in a dunning letter may be as difficult for a lawyer to see through as a consumer."  505 F.3d at 775.  Based on this reasoning, the court held that a false representation "would be actionable whether made to the consumer directly, or indirectly through his lawyer."  505 F.3d at 775.

This Court need not decide whether to draw this same distinction here.  The sole question raised in Defendant's motion is whether communications to a debtor's attorney, rather than directly to the debtor, are *per se* not actionable under the FDCPA.  If the Court were to reject this contention — as it does below — it would not be necessary, for present purposes, to decide precisely what standard should apply to the various sorts of representations prohibited under § 1692e.  Whether the Court ultimately elects to apply a "competent lawyer" standard to all such representations made to a consumer's attorney, or only to "deceptive" or "misleading" representations, Plaintiff's claims under § 1692e would nonetheless withstand the broader legal challenge advanced in Defendant's motion.

unfair means to collect a debt, without delineating the classes of persons against whom

debt collectors may or may not take such actions. *See Evory,* 505 F.3d at 773; *see also*

*Richmond v. Higgins,* 435 F.3d 825, 828 (8th Cir. 2006) (noting that, in contrast to other

FDCPA provisions that "restrict the scope of [their] application by including the word

'consumer' in the text," "[s]ection 1692e contains no indication of to whom it applies, but

rather states to what it applies ('any' representation or means)").[4] The focus of these

provisions, in other words, is on the debt collector, with sections 1692e and 1692f

specifying various practices that debt collectors may not use. Nothing in these provisions

indicates that, as a matter of congressional intent, representations cannot be false,

deceptive, or misleading and debt collection practices cannot be unfair or unconscionable

so long as they are targeted at attorneys rather than consumers. Rather, the Court agrees

with the Seventh Circuit that such questions — *i.e.,* whether a particular representation to

a debtor's counsel is false, deceptive, or misleading, or whether a particular practice

directed at a consumer's attorney is unfair or unconscionable — are better addressed

through an appropriate tailoring of the usual "least sophisticated consumer" standard, as

opposed to a *per se* rule of immunity that the FDCPA itself does not provide.

Having determined that communications to a debtor's counsel may give rise to

viable claims under §§ 1692e and 1692f, the Court readily concludes that Plaintiff's

---

[4]In *Richmond,* 435 F.3d at 828, the Eighth Circuit noted this question of statutory construction, but (like the Sixth Circuit in *Barany-Snyder)* found it "unnecessary to decide whether the FDCPA would apply to communications with a debtor's attorney."

FDCPA claims are not subject to dismissal at the present juncture.  Defendant's challenge to these claims rests exclusively upon a legal proposition that the Court has now rejected — namely, that communications directed solely to a consumer's attorney are not actionable under the FDCPA.  To be sure, Defendant remains free to argue that the particular communication it sent to Plaintiff's counsel — whether viewed under the "competent attorney" standard or any other standard Defendant might wish to advocate — did not violate either § 1692e or § 1692f.  Yet, this is not a matter that can be resolved on the pleadings alone — and, in any event, Defendant has not urged the Court to do so.  Accordingly, Plaintiff's FDCPA claims may go forward.

**C.      The Defendant Law Firm Is a "Regulated Person" Within the Meaning of the MCPA.**

In Count II of her complaint, Plaintiff alleges that Defendant violated various provisions of the MCPA by communicating with her in a misleading or deceptive manner, making an inaccurate, misleading, untrue, or deceptive statement in a communication to collect a debt, and misrepresenting certain facts in a communication with her.  In seeking the dismissal of this claim, Defendant argues that it does not qualify as a "regulated person" within the meaning of the Michigan statute.  Upon reviewing the pertinent provisions of the MCPA, the Court finds that Plaintiff's claims under this statute may go forward.

Much like its federal counterpart, the FDCPA, the MCPA prohibits various sorts of conduct, communications, and activities in the collection of a consumer debt.  *See* Mich.

11

Comp. Laws § 445.252.  These prohibitions are directed at "regulated person[s]," Mich.

Comp. Laws § 445.252, which the statute defines as "person[s] whose collection

activities are confined and are directly related to the operation of a business other than

that of a collection agency."  Mich. Comp. Laws § 445.251(g).[5]  The statute then lists

various categories of business entities and individuals that are encompassed within its

definition of a "regulated person," and this list includes "[a]n attorney handling claims

and collections on behalf of a client and in the attorney's own name."  Mich. Comp. Laws

§ 445.251(g)(xi).

In support of its contention that it is not a "regulated person" within the meaning

of the MCPA, Defendant relies exclusively on an unpublished federal district court

decision holding that the defendant law firm in that case was not a "regulated person"

under the Michigan statute.  *See Stolicker v. Muller, Muller, Richmond, Harms, Myers, &*

*Sgroi, P.C.,* No. 04-733, 2005 WL 2180481, at *7 (W.D. Mich. Sept. 9, 2005).  In that

case, as here, the claims against the defendant law firm, Muller, arose from its activities

undertaken on behalf of its client — namely, the law firm's filing of a state court

collection action against plaintiff/debtor Sylvia Stolicker on behalf of creditor Capital

---

[5]As discussed below, the statute's exclusion of collection agencies from its definition of
"regulated person[s]" evidently is intended to reflect the fact that collection agencies are instead
governed by the terms of article 9 of Michigan's Occupational Code, Mich. Comp. Laws §
339.901 *et seq.*  Under the Occupational Code, collection agencies are prohibited from engaging
in activities similar to those prohibited under the MCPA, such as "[c]ommunicating with a
debtor in a misleading or deceptive manner" and "[m]aking an inaccurate, misleading, untrue, or
deceptive statement or claim in a communication to collect a debt."  Mich. Comp. Laws §
339.915(a),(e).

One Bank.  The Muller firm argued that it was not a "regulated person" under the MCPA because it did not file the state court suit in its "own name," as arguably required under the portion of the statutory definition of a "regulated person" addressing attorneys.  The court agreed:

> The definition of "regulated person" includes attorneys[,] but only if they are "handling claims and collections on behalf of a client *and in the attorney's own name."*  [Mich. Comp. Laws § 445.251(g)(xi)] (emphasis added).  Muller does not fit under the latter part of the definition.  Muller's debt collection activities in this case were on behalf of Capital One, not in the firm's own name.  A review of the other examples of "regulated persons" under the statute reinforces the conclusion that entities, such as Muller, which are performing collections solely on behalf of a client and not in their own name, are not subject to the MCPA.  Section 445.251 also includes within "regulated person" the following:  a regular employee collecting accounts for one employer if the collection is in the name of the employer (subsection g(i)); a state or federally chartered bank when collecting its own claim (subsection g(ii)); a trust company collecting its own claim (subsection g(iii)); a savings and loan association when collecting its own claim, and a credit union when collecting its own claim.  *See* Mich. Comp. Laws § 445.251(g)(i)-(v).  In order to be regulated under the MCPA, each of these entities must be performing collection activities on its own claim, not on behalf of another.  Thus, as a matter of law, Muller's activities on behalf of its client are not regulated by the MCPA because they are not "in the attorney's own name."

*Stolicker,* 2005 WL 2180481, at *7 (footnote omitted).

This Court is not persuaded by *Stolicker*'s reading of the statutory definition of a "regulated person."  As a threshold matter, Plaintiff correctly observes that this reading would wholly remove attorneys from the reach of the MCPA's definition of "regulated persons," because there seemingly is ***no*** circumstance under which an attorney would be simultaneously "handling claims and collections on behalf of a client ***and*** in the

13

attorney's own name." Mich. Comp. Laws § 445.251(g)(xi) (emphasis added). Yet, if the Michigan Legislature meant to altogether exclude attorneys and law firms from the MCPA's definition of a "regulated person," there would be no reason to include a clause in this definition that expressly refers to attorneys. Because Defendant's preferred reading of the statute would render its reference to attorneys a nullity, there is strong reason to believe that this proposed interpretation of the MCPA is not correct.

When the MCPA's definition of a "regulated person" is juxtaposed against the very same language found in the section of the Michigan Occupational Code directed at collection agencies, it becomes clear that the term "regulated person" as used in the MCPA is intended to encompass a law firm pursuing debt collection activities on behalf of a client. The Occupational Code's definition of a "collection agency" includes language that exactly mimics the MCPA's definition of a "regulated person," with the result that those who are ***excluded*** from the definition of a "collection agency" are ***included*** as "regulated persons" under the MCPA. *Compare* Mich. Comp. Laws § 339.901(b) (providing that a "[c]ollection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency," and then specifying a non-exhaustive list of entities that are not collection agencies, including "[a]n attorney handling claims and collections on behalf of clients and in the attorney's own name"), *with* Mich. Comp. Laws § 445.251(g) (defining "regulated person" to ***include*** the persons excluded under the Occupational Code — namely, those "whose collection activities are confined and are

14

directly related to the operation of a business other than that of a collection agency"). Thus, the courts have recognized that a person or entity engaged in debt collection activities is either a "collection agency" under the Occupational Code or a "regulated person" under the MCPA, but not both. *See Gradisher v. Check Enforcement Unit, Inc.,* 133 F. Supp.2d 988, 992-93 (W.D. Mich. 2001); *McKeown v. Mary Jane M. Elliott, P.C.,* No. 07-12016, 2007 WL 4326825, at *9 (E.D. Mich. Dec. 10, 2007).

Viewed in this context, the MCPA's reference to "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," Mich. Comp. Laws § 445.251(g)(xi), is better understood as encompassing ***both*** attorneys who handle claims and collections on behalf of a client ***and*** attorneys who seek to collect a debt owed to themselves or their firms. To be sure, this statutory intent would be more clear if the word "and" were replaced with "or" in the above-quoted clause, and the Court is reluctant to rewrite the statute based solely upon its belief as to what the Michigan Legislature likely intended. Yet, the use of the word "and" in the MCPA appears to be a product of the wholesale replication of the corresponding language from the Occupational Code, with the evident legislative intent to ***include*** within the definition of a "regulated person" those persons and entities that are ***excluded*** from the definition of a "collection agency." The use of the word "and" in the Occupational Code is arguably more appropriate, as it appears in a non-exhaustive list of individuals and entities that do ***not*** qualify as a "collection agency," and thus is fairly read as excluding both attorneys who handle claims and collections "on behalf of clients" ***and*** those who pursue collections "in the attorney's

15

own name." Mich. Comp. Laws § 339.901(b)(xi). By repeating this same language in the MCPA, the Michigan Legislature evidently intended to achieve what it sought to achieve more generally through its mirror-image definitions of "collection agency" and "regulated person" — namely, that attorneys should be treated as "regulated persons" (and should be excluded from the definition of a "collection agency") whether they handle claims and collections "on behalf of a client" or "in the attorney's own name."

The court in *McKeown, supra,* reached precisely this conclusion, albeit without any extended discussion or analysis of the pertinent statutory language. There, as here, the plaintiffs asserted claims under the MCPA (as well as the FDCPA) arising from the defendant law firm's collection activities on behalf of a creditor. The court agreed with the law firm's contention that it was not a "collection agency" under the Michigan Occupational Code, but found that the firm "fits squarely within the definition" of a "regulated person" under the MCPA. *McKeown,* 2007 WL 4326825, at *9. Likewise, this Court finds that the Defendant law firm here fits squarely within this definition. Accordingly, the Court rejects Defendant's legal challenge to Plaintiff's claims under the MCPA.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's September

16

28, 2010 motion to dismiss (docket #3) is DENIED.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated:  April 15, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 15, 2011, by electronic and/or ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager

17